UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JAMIE ANTHONY REASON, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | Civil Action No. 24-cv-10044-ADB |
| | * | |
| PATRICK W. MCDERMOTT, DANIELLE | * | |
| FRANE, ALEXANDER SNYDER, | * | |
| KELLY COSGRAVE, JAMES J. CASALI, | * | |
| PATRICK MALONEY, OFFICER | * | |
| JUNKINS, OFFICERS JOHN DOE(S), | * | |
| | * | |
| Defendants. | | |

**MEMORANDUM AND ORDER**

BURROUGHS, D.J.

Jamie Anthony Reason ("Plaintiff") brings this case pursuant to 42 U.S.C. § 1983, alleging that the Sheriff of Norfolk County Patrick W. McDermott ("McDermott"), Superintendent of Norfolk County Jail Danielle Frane ("Frane"), Sergeant Alexander Snyder ("Snyder"), Captain Kelly Cosgrave ("Cosgrave"), Norfolk County Jail Officers James J. Casali ("Casali") and Patrick Maloney ("Maloney"), Officer Junkins and Officers John Doe(s) violated his civil rights when police officers injured his arm while breaking up a physical altercation between him and another inmate (the "inmate"). See [ECF No. 1 ("Complaint" or "Compl.")]. Specifically, Plaintiff claims that Officers Maloney and Junkins, along with the Officers John Does, used excessive force when intervening in the altercation (Count I) and that McDermott, Frane, Cosgrave and Snyder (collectively the "Supervisory Defendants") violated his civil rights

under a theory of supervisory liability (Count II).[1]  Currently pending before the Court is McDermott, Frane, Cosgrave, Casali, and Junkins' ("Defendants") partial motion to dismiss, [ECF No. 8], seeking dismissal of Count II.  For the reasons set forth in this Memorandum and Order, Defendants' motion to dismiss is **GRANTED**.

I.      BACKGROUND

      A.      Factual Background

The following relevant facts are taken primarily from the Complaint, which the Court assumes to be true when considering a motion to dismiss.  Ruivo v. Wells Fargo Bank, N.A., 766 F.3d 87, 90 (1st Cir. 2014).

On July 2, 2022, Plaintiff had a physical altercation with another inmate in the Norfolk County Jail.  [Compl. ¶ 10].  Pursuant to the "Keep Safe Policy," Plaintiff contends that the inmate was supposed "to be kept 'separate' from [the other] incarcerated individuals [while at the jail] because he was only being held over the weekend because the police station did not hold people for the weekend."[2]  [Id. ¶ 11].  As jail officers intervened and separated the inmate and Plaintiff, they "yanked [Plaintiff] by his arm and twisted his arm behind his back."  [Id. ¶ 12].  "During the pulling and yanking and twisting of his arm, it was snapped and [was] broken."  [Id. ¶ 13].  Plaintiff was subsequently handcuffed and although he told the escorting officer that he believed his arm was broken, the officer ignored him.  [Id. ¶¶ 14, 15].

---

[1] Service was not effectuated on Maloney and Snyder.  [ECF Nos. 11, 16].  The Court therefore need not consider Count II as alleged against Snyder.  That said, for the same reason Plaintiff cannot prevail on Count II as to Defendants McDermott, Frane and Cosgrave, he would also not be able to succeed against Snyder.

[2] In support of paragraph eleven, Plaintiff attaches Exhibit E, which appears to be a chronology of when he filed various grievances in the aftermath of July 2.  See [ECF No. 1 at 16].  Although barely legible, the exhibit does not appear to contain any additional information on the "Keep Safe Policy."  See [id.].

### B. Procedural History

Plaintiff filed the instant Complaint on January 4, 2024. [Compl.]. On May 7, 2024, Defendants filed their partial motion to dismiss, [ECF Nos. 8, 9], and Plaintiff responded on June 10, 2024, [ECF Nos. 19, 20].

## II. DISCUSSION

Under the Federal Rules of Civil Procedure, a complaint "must provide 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Cardigan Mountain Sch. v. N.H. Ins. Co., 787 F.3d 82, 84 (1st Cir. 2015) (quoting Fed. R. Civ. P. 8(a)(2)). This pleading standard requires "more than labels and conclusions," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007), and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555). Rather, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 570). When evaluating the sufficiency of a complaint, the Court "first must 'distinguish "the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited)."'" Cardigan Mountain Sch., 787 F.3d at 84 (quoting García–Catalán v. United States, 734 F.3d 100, 103 (1st Cir. 2013)) (citation omitted).

"Second, the court must determine whether the factual allegations are sufficient to support 'the reasonable inference that the defendant is liable for the misconduct alleged.'" García–Catalán, 734 F.3d at 103 (citations omitted). In conducting this analysis, the Court must accept all well-pled facts as true and analyze those facts in the light most favorable to the plaintiff's theory, drawing all reasonable inferences in favor of the plaintiff. U.S. ex rel. Hutcheson v. Blackstone Med., Inc., 647 F.3d 377, 383 (1st Cir. 2011). In this case, the Court

construes Plaintiff's complaint liberally because it was filed pro se. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). "However, pro se status does not insulate a party from complying with procedural and substantive law." Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997). Dismissal of a pro se complaint is appropriate when the complaint fails to state an actionable claim. Muller v. Bedford VA Admin. Hosp., No. 11-cv-10510, 2013 WL 702766, at *3 (D. Mass. Feb. 25, 2013) (citing Overton v. Torruella, 183 F. Supp. 2d 295, 303 (D. Mass. 2001)).

In § 1983 actions, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior[, but] supervisory officials may be liable on the basis of their own acts or omissions." Sanchez v. Pereira-Castillo, 590 F.3d 31, 49 (1st Cir. 2009) (citation omitted). "[L]iability cannot rest solely on a defendant's position of authority." Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 16 (1st Cir. 2011). As the First Circuit explained,

> [A] supervisory official may be held liable for the behavior of his subordinates only if (1) the behavior of his subordinates results in a constitutional violation and (2) the supervisor's action or inaction was affirmatively linked to that behavior in the sense that it could be characterized as supervisory encouragement, condonation or acquiescence or gross negligence amounting to deliberate indifference.

Pineda v. Toomey, 533 F.3d 50, 54 (1st Cir. 2008)

The supervisory liability standard encompasses causation in addition to a deliberate indifference element, which is to say that "'[d]eliberate indifference alone does not equate with supervisory liability,' but rather 'causation is also an essential element, and the causal link between a supervisor's conduct and the constitutional violation must be solid.'" Justiniano v. Walker, 986 F.3d 11, 20 (1st Cir. 2021) (citations and alterations omitted). The First Circuit recently recognized that the causation element is a difficult one to meet, though it may be met

with evidence of a history of widespread abuse that would alert a supervisor to ongoing violations or "'in a narrow range of circumstances' where 'a violation . . .' is 'a highly predictable consequence of a failure to equip law enforcement officers with specific tools to handle recurring situations.'" Id. at 20–21 (citation omitted).

Defendants argue that the Supervisory Defendants cannot be held accountable under a theory of supervisory liability because Plaintiff has not pled any facts establishing a link between the subordinates' actions and them or suggesting that they acted with gross negligence or deliberate indifference. [ECF No. 9 at 2–3]. Plaintiff's answer is twofold. First, he argues that the Supervisory Defendants are liable because the subordinate officers did not adhere to the "Keep Safe Policy." [ECF No. 20 at 3]. Second, because the Supervisory Defendants had "either an [sic] actual or constructive knowledge" that incarcerated individuals such as Plaintiff were placed together with pre-trial detainees such as the inmate, they acted with deliberate indifference by "fail[ing] to take easily available measures to ensure" that the two do not mix. [Id.].

Even when construing the facts in the light most favorable to Plaintiff, the Court cannot conclude that Plaintiff has adequately pled a theory of supervisory liability. Rather, Plaintiff has made a conclusory assertion that each Supervisory Defendant "supervises, trains or hires a subordinate with deliberate indifference" and therefore contributed to the alleged deprivation of his civil rights. [Compl. at 5]. Although failure to implement policies, which Plaintiff seemingly suggests was the case here, [ECF No. 20 at 3–4], can constitute a basis for imposing supervisory liability, Marrero-Rodríguez v. Mun. of San Juan, 677 F.3d 497, 502 (1st Cir. 2012), Plaintiff has offered no facts from which the Court could infer that the Supervisory Defendants' purported failure to ensure adherence to the "Keep Safe Policy" was done with "deliberate indifference

5

towards the possibility that their deficient performance may eventually contribute to" the purported wrongful conduct, Carrasquillo Gonzalez v. Rosello-Nevarez, No. 19-cv-1414, 2021 WL 5045438, at *3 (D.P.R. Oct. 29, 2021) (citation omitted).  Accordingly, Plaintiff's conclusory allegations cannot carry the day and Count II is dismissed.

### III.    CONCLUSION

For the reasons set forth above, Defendants' partial motion to dismiss, [ECF No. 8], is **GRANTED**.

**SO ORDERED.**

November 20, 2024                                                  /s/ *Allison D. Burroughs*
                                                                                   ALLISON D. BURROUGHS
                                                                                   U.S. DISTRICT JUDGE