UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMIE ANTHONY REASON,<br><br>    Plaintiff,<br><br>v.<br><br>JAMES J. CASALI, PATRICK MALONEY, WILLIAM JUNKINS,<br><br>    Defendants. | Civil Action No. 24-cv-10044-ADB |

**MEMORANDUM AND ORDER**

BURROUGHS, D.J.

    Jamie Anthony Reason ("Plaintiff") brings this case under 42 U.S.C. § 1983, alleging that corrections officers working for the Norfolk County Sheriff's Office, including James J. Casali, Patrick Maloney, and William Junkins ("Defendants"), violated his civil rights when they broke up a physical altercation between him and another prisoner. See generally [ECF No. 1]. Before the Court is Defendants' unopposed motion for summary judgment. [ECF No. 47]. For the following reasons, that motion is **GRANTED**.

The Court draws the following facts from Defendants' Rule 56.1 statement of facts, [ECF No. 49], which Plaintiff is deemed to have admitted, L.R. 56.1 ("Material facts of record set forth in the statement required to be served by the moving party will be deemed for purposes of the motion to be admitted by opposing parties unless controverted by the statement required to be served by opposing parties."), as well as the documents referenced therein.

On July 2, 2022, Plaintiff had a physical altercation with another prisoner in the H4B Unit of the Norfolk County Sheriff's Office Correctional Facility. [ECF No. 49 ¶ 1]. Casali sent out a code blue alert over the radio, indicating that two prisoners were fighting. [Id. ¶ 2]. He also ordered them several times to stop fighting, and, when the prisoners ignored those orders, he ordered the lockdown of the unit and began securing the doors. [Id. ¶¶ 3–4]. Casali did not break up the fight or put Plaintiff in restraints. [Id. ¶ 5]. Junkins responded to the code blue alert, but he also did not break up the fight or put Plaintiff in restraints. [Id. ¶¶ 6–7]. Junkins did, however, help escort Plaintiff to the medical unit and then to the hospital. [Id. ¶ 8]. Maloney, who was not at the prison at the time of the physical altercation and did not respond to the code blue alert, helped transport Plaintiff to the hospital with Junkins. [Id. ¶¶ 9–11]. At the hospital, Plaintiff was diagnosed with a right midshaft forearm fracture. [Id. ¶ 12].

Proceeding pro se, Plaintiff initiated this lawsuit against Defendants and others on January 4, 2024, asserting excessive-force and supervisory-liability claims under 42 U.S.C. § 1983. [ECF No. 1]. On November 20, 2024, the Court granted a partial motion to dismiss the supervisory-liability claim, leaving only Plaintiff's excessive-force claim against Defendants. [ECF No. 21]. On October 1, 2025, Defendants filed their motion for summary judgment, [ECF No. 47], to which Plaintiff did not timely respond, see L.R. 56.1 ("Oppositions to motions for summary judgment must be filed, unless the court orders otherwise, within 21 days after the

motion is served."). On October 31, 2025, the Court ordered Plaintiff to file an opposition to the motion by November 7, 2025, or to show cause by that date why Defendants' motion should not be granted, [ECF No. 51]. Plaintiff has not opposed the motion or otherwise responded to the Court's order.

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] court confronted with an unopposed summary judgment motion is still required 'to test the undisputed facts in the crucible of the applicable law in order to ascertain whether [summary] judgment is warranted.'" Rivera-Aponte v. Gomez Bus Line, Inc., 62 F.4th 1, 8 (1st Cir. 2023) (quoting Vélez v. Awning Windows, Inc., 375 F.3d 35, 42 (1st Cir. 2004)).

Here, Plaintiff's excessive-force claim is based on the allegation that Defendants "used excessive force when breaking up the fight by yanking and pulling his arm until it broke." [ECF No. 1 at 5]. Based on the undisputed facts in the summary-judgment record, however, Defendants were not involved in breaking up the fight between Plaintiff and the other prisoner. [ECF No. 49 ¶¶ 5, 7, 9–10]. "It is axiomatic that the liability of persons sued in their individual capacities under section 1983 must be gauged in terms of their own actions." Rogan v. Menino, 175 F.3d 75, 77 (1st Cir. 1999). Because there is no evidence in the record that Defendants were personally involved in breaking up the physical altercation in which Plaintiff alleges he was injured, Defendants are entitled to judgment as a matter of law. Accordingly, Defendants' motion for summary judgment, [ECF No. 47], is **GRANTED**.

**SO ORDERED.**

December 11, 2025                    */s/ Allison D. Burroughs*
                                     ALLISON D. BURROUGHS
                                     U.S. DISTRICT JUDGE